AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20) ☐ Original ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
12/21/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT
DEC 21 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DTS_____ DEPUTY

United States of America

v.

LIONEL DEMETRIUS JOHNSON,

Defendant(s)

Case No. 5:20-mj-00675

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 25, 2020 in the county of San Bernardino in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1), (9) | Prohibited Person in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ pursuant to Fed. R. Crim. P.4.1
*Complainant's signature*

Angela Kaighin, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 12/21/2020

*Judge's signature*

City and state: Riverside, California

Hon. Kenly Kiya Kato, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Angela Kaighin, being duly sworn, declare and state as follows:

## I.  PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Lionel Demetrius JOHNSON for a violation of 18 U.S.C. § 922(g)(1),(9)(Prohibited Person in Possession of a Firearm and Ammunition).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II.  AFFIANT'S BACKGROUND

3. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since June 1999. I am currently assigned to the ATF Riverside Field Office and am charged with investigating violations of federal arson, explosives, and firearms laws and regulations. I regularly refer to these laws and regulations during the course of my duties. From 2008 until approximately 2014, I was assigned to the San Bernardino Violent Crime Impact Team and San Bernardino Police Department's Narcotics Unit.

From approximately 2014 until January 2015, I was assigned to the San Bernardino Police Department's Violent Crimes Task Force.  From approximately February 2017 to March of 2019, I was then assigned to assist the FBI/SBCSD San Bernardino Gang Intelligence Team. I am currently assigned to the ATF San Bernardino Crime Gun Intelligence Center.

4. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and have completed specialized training at the ATF National Academy in the fields of arson, explosives, and firearms.  During my employment with ATF, I have participated in hundreds of undercover operations and surveillance of individuals committing crimes of violence, as well as prohibited persons in possession of firearms.  I have been the affiant of numerous affidavits for criminal complaints, arrest warrants, and search warrants for various violations of federal laws and regulations.  I have participated in the execution of numerous search and arrest warrants for violations of federal firearms laws.  During my tenure as an ATF SA, I have also participated in numerous investigations against persons engaged in drug trafficking offenses.  Prior to working for ATF, I was employed by St. Louis County Police as a patrol officer and detective for approximately four years.  I received a bachelor's degree from the University of Missouri, St. Louis, and a master's degree from Webster University.

### III. STATEMENT OF PROBABLE CAUSE

**A.   JOHNSON Wields a Gun in Public and Runs from Police**

5.   I reviewed police reports by San Bernardino Police Department Sergeant Bennett and Officer Dang, and based on those reports, I believe the following:

   a.   On November 25, 2020, police dispatch notified members of the San Bernardino Police Department of a man wielding a rifle in the area of 1225 East Lynwood Drive in San Bernardino.  The dispatch call said that a resident in a nearby apartment complex had seen a black male, approximately 5'4", heavy set, with hair in a ponytail, wearing a tan shirt and dark brown pants, get out of a blue vehicle walk to The Sports Page sports bar carrying a rifle.  The reporting party said that the subject was carrying a turquoise duffle bag and had begun walking toward apartments on Golden Avenue.  The reporting party eventually lost sight of the rifle, and the reporting party believed the subject may have stashed it in the blue car.

   b.   Sergeant Bennett responded to the area and saw a subject matching the description at the intersection of North Golden Avenue and East Holly Vista Drive.  Sergeant Bennett parked and tried to contact the subject, later identified as JOHNSON, while JOHNSON carried a turquoise duffle bag containing what appeared to be a heavy object.

   c.   Sergeant Bennett told JOHNSON to stop, and JOHNSON did so after a few steps.  Sergeant Bennett told JOHNSON to put the bag down, but JOHNSON started to argue with Sergeant Bennett and refused to drop the bag.  This concerned Sergeant

Bennett because he believed the bag contained a rifle. Thus, Sergeant Bennett drew his handgun. Sergeant Bennett had JOHNSON at gunpoint and, when JOHNSON failed to listen to the commands, Sergeant Bennett requested expedited backup. JOHNSON then turned and ran eastbound on East Holly Vista Drive from Golden Avenue.

        d.    JOHNSON ran a couple of small blocks and then slowed down as he appeared tired. JOHNSON still would not put the bag down, however. Sergeant Bennett continued to believe that the bag contained a rifle because the bag forcefully swung back and forth while JOHNSON ran. JOHNSON ran a few more houses before Sergeant Bennett could hear sirens coming eastbound on East Holly Vista Drive. JOHNSON turned, still only holding the handle to the bag, before he tripped and fell. Sergeant Bennett could hear the metal of the rifle hit the sidewalk when JOHNSON fell. Officer Dang responded and helped handcuff JOHNSON as Sergeant Bennett held him at gunpoint.

        e.    Once JOHNSON was in custody, Sergeant Bennett looked inside the bag and found a Ruger Mini-14 .223 caliber rifle bearing serial number 181-49164. The rifle had a loaded high-capacity magazine inserted, and Sergeant Bennett ejected a round from the chamber.

    **B.**    **Interstate Nexus**

    6.    On December 17, 2020, I contacted ATF SA Paul Kirwan, who is an expert in determining the manufacturing origin of

4

firearms and ammunition. I provided SA Kirwan with photographs of the firearm and ammunition seized in this case. Based on the photographs, SA Kirwan determined that the firearm and ammunition were not manufactured in California.

  **C. JOHNSON's Criminal History**

  7. On December 9, 2020, ATF personnel ran a criminal history check of JOHNSON through the California Law Enforcement Telecommunications System. I discovered that JOHNSON was convicted of the following felony offenses punishable by imprisonment exceeding one year:

    a. California Health and Safety Code Section 11377(a), Possession of a Controlled Substance, in the Superior Court for the State of California, County of San Bernardino, Case Number FSB1102774, on or about September 5, 2012; and

    b. California Penal Code Section 459, Burglary, in the Superior Court for the State of California, County of Los Angeles, Case Number XCNBA4356000, on or about September 9, 2015.

  8. I obtained an online case summary for his San Bernardino case from the San Bernardino County Superior Court website. The case summary showed that JOHNSON was initially sentenced to 3 years' probation with a drug-treatment program in 2011, but his probation was revoked in 2012 before he was ultimately sentenced to 1 year 4 months' imprisonment.

  9. I also discovered that JOHNSON was convicted of a misdemeanor crime of domestic violence, namely, California Penal Code Section 273.5(a), Misdemeanor Domestic Violence, in the

Superior Court for the State of California, County of Los Angeles, Case Number 9CR2242001, on or about August 10, 1998.

10. Further, I discovered that JOHNSON had been convicted of numerous other misdemeanors, including:

    a. California Penal Code Sections 243.4(e)(1), Sexual Battery, 245(a)(1), Assault with a Deadly Weapon, 242, Battery, and 240, Assault, in 2004;

    b. California Penal Code Section 422, Criminal Threats, in 2014; and

    c. California Penal Code Section 242, Battery, in 2015.

## IV. CONCLUSION

11. Based on the foregoing, there is probable cause to believe that JOHNSON has violated 18 U.S.C. § 922(g)(1), (9) (Prohibited Person in Possession a Firearm and Ammunition).

Attested to by the applicant,
ATF SA Angela Kaighin, in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  21st day of
 December , 2020.

_____
UNITED STATES MAGISTRATE JUDGE

6